On March 8, 2000, appellees, James and Gail Pillo, filed a complaint for personal injuries sustained by James Pillo as a result of an accident on June 15, 1999 involving one Leonard Stricklin. Said complaint named as defendants Mr. Stricklin, American States Preferred Insurance Company (appellees' insurance company) and Mary Jo Perry. On April 24, 2000, appellees filed a motion for leave to amend the complaint to add appellants, Transcontinental Insurance Company and Continental Casualty Company. Appellees also filed a motion for leave to file a motion for summary judgment against appellants. By judgment entries filed April 25, 2000, the trial court granted both motions. On April 27, 2000, appellees filed an amended complaint, adding appellants as new party defendants. On same date, appellees filed a motion for summary judgment against appellants. On May 2, 2000, the trial court set a hearing date on the motion for summary judgment for May 15, 2000. On May 12, 2000, appellants filed a motion to dismiss the amended complaint for failure of service of process and lack of personal jurisdiction. On May 15, 2000, appellants filed a motion to vacate the hearing date on the motion for summary judgment and, in the alternative, motion to deny appellees' motion for summary judgment or, alternatively, order a stay of any response due pending further discovery. By judgment entry filed May 18, 2000, the trial court denied the latter motion. On May 30, 2000, appellants were properly served with the amended complaint. By judgment entries filed June 5, 2000, the trial court granted appellees' motion for summary judgment as against appellants and denied appellants' motion to dismiss. Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I IN A JUNE 5, 2000 JUDGMENT ENTRY, THE TRIAL COURT ERRED IN OVERRULING DEFENDANT/APPELLANTS TRANSCONTINENTAL INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY'S MOTION TO DISMISS FOR FAILURE OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION.
 II IN A JUNE 5, 2000 JUDGMENT ENTRY, THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFFS.
 III IN ITS MAY 2, 2000 ASSIGNMENT ORDER, THE TRIAL COURT ERRED IN REQUIRING THE DEFENDANTS/APPELLANTS TO RESPOND TO THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT BEFORE THE DEFENDANTS/APPELLANTS HAD BEEN PROPERLY SERVED AND BEFORE THE PERIOD PERMITTED UNDER THE CIVIL RULES FOR DEFENDANTS TO FILE A RESPONSIVE PLEADING TO THE AMENDED COMPLAINT.
 III
We will address this assignment of error first as we find it to be dispositive of this appeal. Appellants claim the trial court erred in granting summary judgment on behalf of appellees. We agree. Appellants were served the amended complaint on May 30, 2000. An answer was not due until June 28, 2000. On April 25, 2000, appellees were granted leave to file a motion for summary judgment against appellants. Said motion was filed on April 27, 2000. A hearing date was set for May 15, 2000. On said date, appellants filed a motion to vacate the hearing date on the motion for summary judgment and, in the alternative, motion to deny appellees' motion for summary judgment or, alternatively, order a stay of any response due pending further discovery. The trial court denied this motion on May 18, 2000. Pursuant to Civ.R. 56(A), the filing of a motion for summary judgment may not take place until the expiration of time under the rules for a responsive motion or pleading: A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, counterclaim, cross-claim, or declaratory judgment action. A party may move for summary judgment at any time after the expiration of the time permitted under these rules for a responsive motion or pleading by the adverse party, or after service of a motion for summary judgment by the adverse party. If the action has been set for pretrial or trial, a motion for summary judgment may be made only with leave of court.
Upon review, we find the filing of the motion for summary judgment against appellants, the newly added party defendants, prior to the completion of service was a clear violation of the civil rules. Accordingly, the trial court erred in granting summary judgment on behalf of appellees and in denying appellants' request for a continuance and/or stay pending further discovery. Assignment of Error III is granted.
 II
Based upon our decision in Assignment of Error III, this assignment is moot.
 I
Appellants claim the service of process attempted by appellees where the Jester Agency, Inc. was served instead of appellants was a violation of Civ.R. 4.2(F). Appellants argue the trial court should have granted their motion to dismiss for failure of service of process and lack of personal jurisdiction. Without addressing the facts and merits of this assignment of error, we find that appellees properly perfected service upon appellants on May 30, 2000 as noted in the trial court's docket. Assignment of Error I is moot.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed and remanded.
Farmer, P.J. Wise, J. and Reader, V.J. concur.